IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lance L. Miles, Jr., ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 5:24-cv-6046-BHH |
| v. ) | |
| ) | **ORDER** |
| Donnie Stonebreaker, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court upon Petitioner Lance L. Miles, Jr.'s ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 28, 2025, Respondent filed a motion for summary judgment (ECF No. 25), and the matter was referred to a United States Magistrate Judge for preliminary determinations in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C.

The Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the dismissal procedures and the possible consequences if he failed to respond to the motion. (ECF No. 26.) Petitioner filed a response in opposition to Respondent's motion for summary judgment on July 10, 2025, and Respondent filed a reply on July 17, 2025. (ECF Nos. 36, 39.)

On December 30, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court grant Respondent's motion for summary judgment and deny this § 2254 petition. (ECF No. 47.) Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's careful and thorough analysis. **Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 47), and the Court grants Respondent's motion for summary judgment (ECF No. 25) and denies this § 2254 petition.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

January 20, 2026
Charleston, South Carolina

## **CERTIFICATE OF APPEALABILITY**

The governing law provides:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.